Van Buren *v.* Cockburn.

[ALBANY GENERAL TERM, September 6, 1852.  *Parker, Wright* and *Harris,* Justices.]

---

## VAN BUREN and wife *vs* COCKBURN and others.

In an action of ejectment, a person not in possession of the premises, although claiming an interest therein, is not a necessary party.

A person who took minutes of the testimony upon a former trial, and testifies to their accuracy, may state what a witness swore to on that trial, although he cannot testify from his recollection and without reference to his minutes.

When the requisites prescribed by the statute, in respect to the execution of wills, have been complied with, the presumption of law is that an instrument thus executed is a valid will.  But this presumption may be overcome by evidence showing that the will has been altered, or that new sheets have been substituted.

Such evidence may be intrinsic or extrinsic.  The paper itself may furnish such evidence; or it may be found by other evidence, positive or circumstantial.

When it is made to appear that a will has been altered or changed, the presumption that it is the same paper which was executed by the testator disappears.

Accordingly, where a will bore upon its face strong evidence that it had been altered after its execution—the alterations being of the most material parts of the instrument—and the substituted parts were on paper of different color and size from the sheet executed, and written with different ink; and the numbering of the sheets had been changed, though the former numbers could still be discovered; and there were erasures and alterations on the last sheet which were not noted; *Held,* that the party producing the instrument was bound to explain the suspicious circumstances; and that it was proper to charge the jury that it was a question of fact to be decided by them, upon the evidence, whether the paper produced was the same instrument as that executed by the testator.

Van Buren *v.* Cockburn.

THIS was an action of ejectment, brought to recover possession of the one undivided fifth part of a farm situate in the town of Kingston, Ulster county. There had been two trials in this cause. The first trial resulted in a verdict for the defendants. The plaintiffs then paid up the costs, and obtained a new trial under the statute. The second trial was had before Justice Harris, on the 30th April, 1851, and resulted in a verdict for the plaintiffs. The defendants prepared a bill of exceptions, and upon such exceptions now moved for a new trial. The farm, the subject of the action, was part of the real estate of James Cockburn, deceased. He died 31st October, 1848, and left him surviving five children; Luke K. Cockburn, the three defendants, William, Edwin and Walter A. Cockburn, and Elizabeth Van Buren, one of the plaintiffs. This suit was brought to test the validity of the will of James Cockburn, such farm being devised by the alledged will to Luke K. and the three defendants. Luke K. was not made a party to the suit, and the objection was raised in the pleadings, as well as on the trial, by the defendants, that all the proper parties were not before the court to make a complete determination of the controversy. Upon the trial the will was produced. The body of the will bore date the 10th day of February, 1846. The attestation clause was dated the 7th day of September, 1846. It was actually executed on the 10th day of August, 1846. The will was admitted to be wholly in the handwriting of the testator. The first three half sheets of the will were of white paper; the second page of the third half sheet being a blank; and the fourth sheet, upon which was the attestation clause, was of blue paper. The plaintiffs sought to invalidate the will upon the allegation that the testator himself had, after its execution and attestation, materially changed its provisions, and had substituted the present first three half sheets of the will in the place of others which they alledged were there at the time of the execution. The witnesses to the will proved that, on the 10th of August, 1846, the testator executed the will in their presence, with all the formalities required by law. The witnesses did not notice particularly the forepart of the will; it was not read to them; but one of them stated he

recollected of seeing a blank of white paper to the will. The plaintiffs introduced no evidence to show that any alteration was made after execution, but inferred it from the fact that at the time of making the will, the testator had a daughter, Cornelia, who died afterwards, in the fall of 1847, and she was not named in the will. The defendants answered that objection by showing that a few weeks after making his will, the testator stated to several persons that he had made his will, and had not provided for her in it, but intended to make some other provision for her.

H. W. Warner was examined as a witness for the defendants, and testified to a conversation between himself and the testator, at Crown Point, in September, 1846, in which the testator informed him that he had made a will, dividing his property, but that he had made no provision for his daughter Cornelia, and that he intended certain lands for her. R. F. Macauley was examined on the part of the plaintiffs, and testified that he was one of the attorneys on record in this action; that he took a portion of the testimony on the former trial. He here showed his minutes, and testified that he was looking over his minutes of the testimony of H. W. Warner; that irrespective of the minutes he could not have stated W.'s testimony as he gave it in; that he took the minutes correctly, but had no recollection of his precise language, except as he saw from his minutes; that on looking at his minutes he could state that Warner testified on the former trial that, at the conversation at Crown Point, Mr. Cockburn (the testator) told him that he had divided up his property, and had done nothing for Cornelia. The defendants' counsel objected to this evidence, before it was given, on the ground that the witness had no recollection of the subject matter of his minutes. The objection was overruled. and exception taken.

*John Van Buren*, (of Kingston,) for the plaintiffs.

*M. Schoonmaker*, for the defendants.

*By the Court*, PARKER, J. I think the judge was right in holding that Luke K. Cockburn was not a necessary party to

Van Buren *v.* Cockburn.

the action. It was not claimed that he was in possession of the land in controversy. On the contrary, it was admitted that the defendants were in possession. It is not necessary to decide whether he might properly have been made a party defendant, on the ground that he claimed an interest in the premises, but the question is whether he was a necessary party. That objection was properly overruled.

The second objection was that the court erred in permitting the witness, Mr. Macauley, to state what Warner testified on a former trial, for the reason that he could not make such statement from his recollection and without reference to his minutes taken on the former trial. This point has been recently settled by the court of appeals, in *Huff* v. *Bennett*, decided in April last, and not yet reported. Such evidence was there decided to be admissible.

But the principal question arises on the charge of the judge. The judge declined to charge that the presumption was in favor of the due execution of the will, and also that the presumption was that certain alterations and substitutions, if made, were made before the execution of the will; and the defendant excepted to each refusal.

Standing alone, and unexplained by what the judge did charge, these exceptions might seem to be well taken. But a reference to the charge, as set forth in the bill of exceptions, shows that the defendant has no cause of complaint for such refusals. The judge refused to charge on the bare proposition presented, but in his charge stated every thing which the defendant had a right to demand. The judge charged, among other things, that " the statute prescribed certain requisites in relation to the execution of wills ; all of which must be fully complied with, to make a valid will. When all the requisites have been complied with, the presumption of law is that the instrument thus executed is the will. This presumption may be overcome by evidence showing that the will has been altered, or that new sheets have been substituted : such evidence may be intrinsic or extrinsic. The paper itself may furnish such evidence. It may also be found by other evidence, positive or circumstantial. In this case the evi-

dence is chiefly intrinsic." The rule as to the presumption was thus correctly stated, and in a subsequent part of the charge the judge said, "The great question is whether this substitution was made before or after the 10th of August, when the will was executed." The question was thus submitted to the jury.

The judge further charged, that "although ordinarily, when all the requisites of the statute have been complied with in the execution of the will, the presumption of law is that the instrument produced is the will thus executed; yet when it is made to appear that the will has been altered or changed, the presumption that it is the same paper which was executed disappears." To the last clause the defendant also excepted. I think this part of the charge, when applied to the instrument then before the court, was clearly right. That instrument was presented to us on the argument, and bears upon its face very strong evidence that it was altered after its execution. Several of the indicia lead directly towards that conclusion. The alterations were of the most material parts of the will. The substituted parts were on paper of different color and size from the sheet executed, and written with different ink. The numbering of the sheets had been changed, though the former numbers could still be discovered, and there were erasures and alterations on the last sheet, not noted. These are only part of the evidence of subsequent alteration, apparent on the face of the instrument. It seems to me there was good reason for calling on the party producing the instrument, to explain the suspicious circumstances. In regard to a deed, the rule is well settled that, where an erasure or interlineation appears in a material part of a deed, of which no notice is taken at the time of the execution, it is a suspicious circumstance, which requires some explanation on the part of the party producing it, and it is the province of the jury to determine whether the explanation given is satisfactory. (*Jackson* v. *Jacoby*, 9 *Cowen*, 124. *Jackson* v. *Osborn*, 2 *Wend.* 555. 1 *Phil. Ev.* 405. *Barrington* v. *Bank of Washington*, 4 *Serg. & Rawle*, 405.)

If I am right in this conclusion, then the judge was correct in charging further, that it was a simple question of fact to be de-

cided by the jury, upon the evidence before them, uncontrolled and unembarrassed by any presumption one way or the other, whether the paper produced was the same document executed on the 10th day of August, 1846, and the exception to this portion of the charge is also unavailable.

I think there was no error committed on the trial, and that the judgment rendered at the circuit should be affirmed.

Judgment affirmed.

[ALBANY GENERAL TERM, September 6, 1852. *Parker, Wright* and *Harris,* Justices.]