LEVI J. PEASE, PLAINTIFF, *v.* GEORGE F. BARNETT,
EXECUTOR, DEFENDANT.

*Bond — material alteration — when the question should be left to the jury*

In an action upon a bond given by a married woman to secure a debt due from
her husband, the defense was that after the execution of the bond, a clause
charging her separate estate with its payment had been inserted without her
knowledge or consent. The clause appeared, from an examination of the
bond, to have been inserted after it was first drawn. The plaintiff and the
attorney who prepared the bond testified that the clause was inserted in the
bond before it was executed.

*Held,* that the question as to when the clause was inserted in the bond, should
have been left to the jury, and that the court erred in directing a verdict in
favor of the plaintiff

MOTION by the defendant for a new trial upon exceptions taken
at the Monroe Circuit, where a verdict was ordered for the plaintiff
and the exceptions were ordered to be heard in the first instance at
the General Term. The defendant requested to have the case sub-
mitted to the jury, but the court refused so to do.

The action was brought upon a bond executed by Azubah Car-
penter. Pending the action she died, and the same was revived
and continued against the defendant, as her executor. The answer
contained a defense alleging a material alteration of the bond, after
its execution, by the insertion therein of the following clause, viz. :
" And I, said Azubah Carpenter, for value received, charge my
separate estate with the payment thereof."

The bond was in the handwriting of Origin Pease, a clerk and
nephew of the plaintiff, except the words just above quoted. And
after the condition clause there was drawn a diagonal cancelling
line (apparently to prevent the insertion of other words, or so that
the bond would show on its face the insertion of any other words),
which diagonal line was drawn so as to extend over the blank
space left in the printed form upon which the bond was written,
from the end of the written words of the condition clause down to
the formal concluding words of the bond.

After the line was drawn, as the face of the original bond seemed
to indicate, the words above quoted were inserted, and, as the evi-

dence tended to show, in a different handwriting and a different ink from the prior written words of the bond.

*J. A. Stull*, for the plaintiff.

*J. D. Decker*, for the defendant.

HARDIN, J.:

Upon the trial it appeared that the bond in suit was given for the debt of Dr. Carpenter, and that the defendant was not originally liable therefor.

In order to bind her to its payment, the words evincing her intention to charge and bind her separate estate with the payment of the bond, upon which she was to be made a surety, were essential and material to its validity as against her. Therefore, if the clause charging her separate estate was inserted after the execution of the bond, it was a material alteration, and such an alteration as to avoid the instrument as to her. (*Paine* v. *Jones*, 76 N. Y., 274; affirming S. C., 14 Hun, 580; *Reeves* v. *Pierson*, 23 Hun, 186; *Kinney* v. *Schmidt*, 5 Weekly Digest, 519.)

Whether the words which rendered the female obligor liable upon the bond, and charged her separate estate with the payment thereof, were inserted before or after execution of the bond by her, was a question of fact which should have been submitted to the jury. It is argued that Fuller, the attorney, who prepared the draught of the bond, and who brought this action, and Pease, the plaintiff, established the fact that the words were inserted before the execution and delivery of the bond. If their testimony was accepted as true, the argument would rest upon a safe foundation.

Before this testimony can be accepted as true, the same must be submitted to a jury. (*Elwood* v. *Western U. Tel. Co.*, 45 N. Y., 553; *Kavanagh* v. *Wilson*, 70 id., 177; *Gildersleeve* v. *Landon*, 73 id., 609; *Koehler* v. *Adler*, 78 id., 287; *Wallace* v. *Marks*, 13 Weekly Digest, 400.)

When the bond was produced upon the trial it bore upon its face evidence of an alteration, as we saw when it was produced to us upon the argument.

Such indications upon the bond of a change after it was originally prepared, in a material part of the bond, called upon the plaintiff

to explain them, and establish, by satisfactory evidence, that the alteration or addition was made before the bond was signed by Mrs. Carpenter. After such explanations were in evidence, it was for a jury to say whether they were satisfactory.

The question of fact should have been submitted to the jury. (*Van Buren* v. *Cockburn*, 14 Barb., 122.)

Motion for a new trial granted, costs to abide the event.

SMITH, P. J., and HAIGHT, J., concurred.

New trial granted, with costs to abide the event.