WILLIAM BRADT, Appellant, v. WALTER S. CHURCH et al., Respondents.

As, under the Code of Civil Procedure (§§ 1502, 1503), in actions to recover possession of real property the occupant only is required to be made defendant, the only effect of not joining as defendants other parties is simply to leave the questions raised in the action open to controversy, in case they subsequently assert title or adverse rights.

In an action of ejectment, it appeared that the lands were covered by a Van Rensselaer manorial lease made in 1794; that defendant succeeded to the interest of the lessor, and in 1881 obtained possession under a judgment in an action of ejectment brought under a right reserved in the lease to re-enter for non-payment of rent, against one in possession as tenant of the plaintiff herein. Plaintiff was not a party to that action. *Held*, that while the judgment in the former action was not conclusive upon the plaintiff here as to the averments in the complaint therein, yet as it was against the person then in actual occupation, defendant's entry thereunder was lawful, and enabled him to defend his title and possession against plaintiff's claim.

On the trial it was admitted that the premises were subject to said lease at its date. Plaintiff claimed title under a deed of release and quit-claim made in 1863, with prior possession in the grantors from 1850. No proof was given as to the source of title of said grantors. *Held* (EARL, J., dissenting), that in the absence of proof to the contrary, the occupation of plaintiff's grantors was controlled by the presumption that when the relation of landlord and tenant is once established it attaches to all who

may succeed to the possession under the tenant; that plaintiff's deed did not necessarily imply a title hostile to that of the landlord, and in the absence of proof that he brought home to the landlord or his successor in interest knowledge of his claim to hold adversely, he will be presumed to have entered under the lease; and so, he failed to show title superior to that of defendant.

Also, *held*, that the action being in hostility to the lease and in denial of defendant's rights under it, plaintiff could not claim here that title was in him under the lease.

Also, *held*, that the case was not affected by the fact that the lease was perpetual; nor was any presumption created, affecting the existence of the lease, by non-payment of, or neglect to demand, rent for over twenty years.

(Argued June 26, 1888; decided October 16, 1888.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, made February 11, 1886, which reversed a judgment in favor of plaintiff, entered upon the report of a referee and directed a new trial. (Reported below, 39 Hun, 262.)

This was an action of ejectment to recover possession of certain lands in Albany county.

The material facts are stated in the opinion.

*William Youmans* for appellant. The rule that a tenant cannot dispute the title of his landlord does not extend to preclude him from rendering his possession adverse. The tenant may forfeit his lease before the expiration of his term and convert his possession into a tortious one by disclaiming the tenure, attorning to another or setting up an adverse claim to the fee in his own right, and bringing home those facts to the knowledge of the landlord, and the tenant then acquires a complete right of entry which may become barred by the statute of limitations. (7 Wheat. 535; 7 Johns. Ch. 117; 3 Peters, 43; 14 id. 156; 1 Abb. Nat. Dig. 65.) The party in possession of lands is presumed to have a valid title thereto; and this presumption can be overcome only by proving title out of the party, and in himself. Possession of real estate is *prima facie* evidence of the highest estate in the property, that is a seizin in fee. (Tyler on Ejectment, 70; *Hill* v.

*Draper*, 10 Barb. 458, 461; *Hoag* v. *Hoag*, 35 N. Y. 469, 471, 475; *Adair* v. *Lott*, 3 Hill, 182.) The judgment obtained by defendant Church has no binding effect upon the plaintiff William Bradt. (*Bennett* v. *Leach*, 25 Hun, 178.) There is no way of forfeiting or creating a forfeiture of a lease except by action of ejectment and judgment of the court. (*Jackson* v. *Ellsworth*, 20 Johns. 180; 5 Lans. 280, 282, 283, 285; 1 N. R. S. 440; 1 Saund. 287; 1 Woodfall Landlord and Tenant, 271; *Sampson* v. *Rose*, 65 N. Y. 416.)

*S. W. Rosendale* for respondents. The premises in question were subject to the lease of Van Rensselaer to Snyder, at the time of the action against Jeremiah Bradt. (*Tompkins* v. *Snow*, 63 Barb. 525; *Lyon* v. *Adde*, Id. 89; *Lyon* v. *Odell*, 65 N. Y. 28.) The terms, covenants and conditions of this class of leases are valid. (*Van Rensselaer* v. *Hays*, 19 N. Y. 68; *Van Rensselaer* v. *Ball*, Id. 100; Gerard's Titles to Real Estate [2d ed.] 129–150.) The conditions of the lease are perpetual, and the covenants and rent charges run with the land. (*Tyler* v. *Heidon*, 46 Barb. 433–451; *Van Rensselaer* v. *Hays*, 19 N. Y. 68.) Absence of proof of payment on these leases creates no presumption that the rents have been extinguished, or the grantees and assignees released from the covenant. (*Central Bank of Troy* v. *Heydorn*, 48 N. Y. 260.) Payment of rent may be presumed on one of these leases after twenty years, but the non-payment for more than twenty years does not raise the presumption that the covenant has been released or discharged. (*Lyon* v. *Odell*, 65 N. Y. 28.) Where there exists no power to make a grant, none can be presumed from long possession. (Lawson on Presumptive Ev. Rule 87, 417.) Whether the grantee has received anything from his grantor depends upon whether the grantor had any interest to convey. (*Grout* v. *Cary*, 15 N. Y. Week. Dig. 410.) A quit-claim deed implies a doubtful title in the person executing it. (*Kerr* v. *Freeman*, 33 Miss. 392.) By taking under a quit-claim deed it was taking simply an assignment of his grantor's rights, and was equivalent to purchasing, in terms, subject to

the lease, analogous to the purchase of the equity of redemption, of premises covered by a mortgage, which is equivalent to purchasing subject to the mortgage. (*Russell* v. *Allen*, 10 Paige, 249; *Vanderkemp* v *Shelton*, 11 id. 28.) The lands being once subject to the lease, there must be some positive evidence, some affirmative act, a surrender, or disaffirmance, or some other unqualified act, inconsistent with holding as tenants, going necessarily to show an extinguishment of the lease, or a release of its terms must be shown before such change can be presumed or before color of title adverse could be inaugurated or created. (*Whiting* v. *Edmunds*, 94 N. Y. 309; *Crooked Lake Nav. Co.* v. *Keuka Nav. Co.*, 37 Hun, 9, 12; 108 N. Y. 631.) A lease once established, any succeeding occupant becomes a tenant although he purchased in fee, and does not know of the lease. (*Jackson* v. *Davis*, 5 Cow. 123, 129, 130; *Whiting* v. *Edmunds*, 94 N. Y. 309.) The presumption is that the rent was unpaid. (*Livingston* v. *Livingston*, 4 Johns. Ch. 294; *Central Bank of Troy* v. *Heydorn*, 48 N. Y. 260–265, 267.) The tenant, Jeremiah Bradt, being in actual possession was a necessary party. (2 R. S. 304, § 4; *Hosford* v. *Ballard*, 39 N. Y. 147.) The action was properly brought against the occupant, Jeremiah Bradt. (Code Civ. Pro. § 1502; 1 Wait's Pr. 129, 130; *Van Buren* v. *Cockburn*, 14 Barb. 118; *Martin* v. *Rector*, 101 N. Y. 77–79.) An entry under a judgment is a lawful entry and affords a presumption of right. (*Jackson* v. *Rightmyre*, 16 Johns. 314; 2 R. S. 507, § 1; Code, § 2233.) The evidence shows facts sufficient on which to base a recovery in favor of the landlord (Church, defendant) against (Bradt, plaintiff) the tenant, hence a complete defense to this action. (Code Civ. Pro. § 1504; *Jackson* v. *Stewart*, 6 Johns. 34; *Jackson* v. *Demarest*, 2 Caines, 382.) It cannot make any difference, in defending an action of ejectment, how the person in possession got in, provided he shows that he is rightfully in, or is entitled to, the possession. (*Sage* v. *Harpending*, 49 Barb. 166; *Jackson* v. *Farmer*, 9 Wend. 201; Taylor's Landlord and Tenant, § 531.) Under a general denial in ejectment a defendant may

show that the plaintiff was not the owner at the commencement of the action. (*Raynor* v. *Timerson,* 46 Barb. 518; *Creque* v. *Sears,* 17 Hun, 123 ; Sedgwick & Wait on Trial of Titles to Land, §§ 477, 478.)

GRAY J.   The lands, for the recovery of the possession of which this action was brought, were covered by a Van Rensselaer manorial, perpetual lease, made in 1794.   These leases have been frequently the subject of judicial examination by the courts of this state, and by various decisions of this court the general principles affecting them are well settled.   Their covenants and conditions are valid, and they are binding upon the heirs or assigns of the original grantee and available to and enforceable by the successors in interest of the original grantor.   (See *Van Rensselaer* v. *Hays,* 19 N. Y. 68 ; *Same* v. *Ball,* id. 100 ; *Same* v. *Slingerland,* 26 id. 580 ; *Same* v. *Dennison,* 35 id. 393 ; *Central Bank* v. *Heydorn,* 48 id. 260.)

To the interest of Van Rensselaer, the lessor in the lease. mentioned in this case, the defendant Church succeeded, and, in the year 1881, obtained possession of the lands in controversy, under execution issued upon a judgment, which awarded him their possession.   The judgment was had in an action to recover possession of the real property for breach of condition, in the non-payment of the rent reserved in the lease.

Jeremiah Bradt, the defendant in that action, was the son of this plaintiff, and was in occupation and possession of the premises as tenant of his father.   This plaintiff was not made a party to that action, and now seeks to maintain his right to eject Church, on the ground that the judgment in the other action was not binding upon him and that the fee of the premises was and is regularly in him.

Defendant Church's action was not brought upon the covenant for the payment of rent; it was brought to repossess himself of the premises, under the right reserved in the original lease to re-enter for condition broken in the non-payment of rent.   It is true that the judgment which he recovered was not conclusive on this plaintiff as to the averments of the complaint.

on which Church based his right of recovery; but being had against the person in actual occupation and possession of the premises, Church's entry thereunder was lawful and enables him to defend his title and possession against the plaintiff's claim. I am not aware of any rule of law which requires that in an action to recover the possession of lands, the plaintiff is compelled to join as parties defendants those not in occupation thereof. In this case the referee has found that plaintiff's son was in possession as his tenant.

The Code of Civil Procedure (§ 1502) provides that in actions to recover the possession of real property, the occupant must be made defendant. Section 1503 provides that other parties having or claiming rights *may* be joined as defendants. The only effect, therefore, of not joining as defendants other parties than those in occupation or possession of the premises, is simply to leave the questions raised in the action open to controversy, as to any others who may subsequently assert title or adverse rights. Where the land in controversy is occupied, no recovery can be had in an action of ejectment for non-payment of rent, unless brought against one who was the actual occupant when the action was begun. (*Martin* v. *Rector*, 101 N. Y. 77.)

The suit brought by Church was simply a possessory action, and did not settle any right, except as to the possession of the land. It was, therefore, properly brought against Jeremiah Bradt, as occupant. (*Jackson* v. *Rightmyre*, 16 Johns. 314, 326; *Van Buren* v. *Cockburn*, 14 Barb. 118; *Pulen* v. *Reynolds*, 22 How. 353.) The judgment-roll in the suit, which was admitted in evidence, showed Church's possession, as having re-entered under the lease.

In *Jackson* v. *Rightmyre* (*supra*), which was an action of ejectment, the chancellor held that as the defendant had acquired possession under the authority of a judgment at law, his entry was consequently a lawful one, and that it was not a subject for inquiry as to how it was obtained; whether "from the want of title or want of attention in the opposite party." The chancellor quotes from the language of Lord

MANSFIELD in *Atkyns* v. *Horde* (1 Burr. 114.), that "a judgment in ejectment was a recovery of the possession (not of the seizin or freehold) without prejudice to the *right* as it might afterward appear, even between the same parties."

I think, therefore, we must conclude that this defendant having come lawfully and peacefully into possession of the premises in controversy, all there is left of this case is to determine whether the plaintiff originally entered into their possession subject to the Van Rensselaer lease, or by a good title to the fee thereof. We shall have to determine whether there was such adverse possession as, by the lapse of years, had ripened into a good title in plaintiff. Plaintiff claims title under a deed remising, releasing and quit-claiming the premises to him, made in 1863; with prior possession by the grantors from 1850. No proof was given as to the source of title of his grantors. On the trial it was admitted by the parties that the premises were subject to the original lease of Van Rensselaer to Snyder, at the date of said lease.

That lease being perpetual, under well-settled rules of law, every one entering into possession of the demised premises is presumed to have entered under the lease, and that presumption can only be rebutted successfully by sufficient proof of an adverse possession at some time, in hostility to the landlord's title. Where the relation of landlord and tenant is once established, as it was by the concession of the parties here, it attaches to all who may succeed to the possession under the tenant, however remotely. In *Jackson* v. *Harson* (7 Cow. 323–325), WOODWORTH, J., discusses and asserts this doctrine. In the entire absence of any proof to the contrary, the occupation by this plaintiff's grantors will be controlled by this presumption and they will be deemed to have entered as tenants under the lease.

In *Whiting* v. *Edmunds* (94 N. Y. 309), it was held that "where the relation of landlord and tenant has been once established, the possession of the latter and that of his grantees and assignees is the possession of the landlord, and not hostile or adverse. (*Jackson* v. *Davis*, 5 Cow. 129; *Sands* v. *Hughes*,

53 N. Y. 293.) And this is true, even where the grantee has taken a deed of the fee in ignorance of the fact that his grantor stood in the relation of a tenant; the latter denying any such relation. (*Jackson* v. *Scissam*, 3 Johns. 499.)" And speaking of this presumption that the possession of the tenant continues always in subordination to the title of the landlord, Finch, J., continues: "This presumption may be rebutted, but, to do so effectively and initiate an adverse holding, the tenant must surrender the possession to the landlord, or do something equivalent to that and bring home to him knowledge of the adverse claim." (Citing cases.)

That this lease was perpetual does not affect the case. These leases are of great antiquity. A discussion of their origin seems unnecessary here; for, by more or less recent decisions of this court, their validity and effect have been settled. But it may be pertinently added, perhaps, that whether we turn to the earlier periods of the civil law, or to the later history of the common law, we never find that it was supposed that the ownership of the grantor in such a lease was ever either extinct or dormant. It was kept alive (as here) by a power of re-entry on non-payment of the rent, a right of preemption in case of sale and a certain control over the use of the land. By non-payment of the ground rent a forfeiture is worked and (aside from the rent) the chance of such a termination constitutes nearly the only interest left to the owner. The rights of the tenant, or grantee, were almost as extensive as those of an owner; but the obligations were always dominant. So the civil law regarded his interest; and it deemed him capable of selling the land to a buyer who would gain the same extensive rights, but, nevertheless, with the same obligation of annual rent payment.

As to non-payment of rent, or the neglect to demand or collect any in the past, no presumption is thereby created which affects the existence of this lease. In the case of *Jackson* v. *Davis* (5 Cow. 123), questions were discussed similar to those raised here. Sutherland, J., in his opinion, says: "But it is said that although a person succeeding a tenant is to be pre-

sumed to have taken as tenant also, yet he may repel that presumption by showing that he did not take in that character; and that the testimony of James Davis shows that the defendant purchased the premises in question, not as leasehold property, but in fee absolute, * * * but whether he gave a deed with covenants of warranty, or only a quit-claim, does not appear. Admitting, however, that he purchased and entered upon the premises under an absolute conveyance in fee, he still, in judgment of law, entered as the tenant of the Van Schaicks. * * * But it is said that * * * an abandonment of the title on the part of the Van Schaicks is to be presumed, inasmuch as there is no proof of the payment of rent or any acknowledgment of tenancy within twenty years. * * * Satisfaction of the rent might possibly be presumed * * * after a forbearance of twenty years. * * * But where the relation of landlord and tenant is once established, under a sealed lease, the mere circumstance that the landlord has not demanded the rent, cannot justify the presumption that he has extinguished his right to it by a conveyance of the interest in remainder or reversion to his tenant."

In *Lyon* v. *Odell* (65 N. Y. 28), an action for rent under one of the Van Rensselaer perpetual leases, no rent had been paid for about fifty-one years, and the question was whether the law indulged the presumption that all the rights reserved by Van Rensselaer in the lease had been released or extinguished, and it was held, on the authority of *Jackson* v. *Davis*, that there was no such presumption.

When we consider, then, what there is in this case to prove a title by possession, hostile to the landlord's title, we find nothing but non-payment of rent in the past and the quit-claim deed by the St. Johns to plaintiff. We find no open or notorious act proved, which indicated in any feature an adverse holding; or which brought notice home to the lessor, or his successors in interest, of any hostile holding.

A deed of release and quit-claim is to be deemed effectual as a grant under our statute, it is true; but, while a conveyance may be effected thereby, it is, as it says, only the release

to the grantee of whatever title or interest the grantor has. The force and significance are absent which attend a conveyance with covenants of title, etc. It passes the title as the grantor held it, and the grantee takes only what the grantor could lawfully convey. (*May* v. *Le Claire*, 11 Wall. [U. S.] 217, 232.)

It cannot be deemed as of necessity implying a title hostile to that of the landlord, for its language does not import or imply that much. It would convey a leasehold interest, and holding under it would not be inconsistent with holding under the lease. When the plaintiff received it, he may or he may not have been ignorant of the lease and of the nature of his grantor's holding; but, whatever his knowledge, he will be presumed to have entered under the lease; unless he can show that he brought home to the lessor, or his successor in interest, knowledge of his claim to hold adversely.

As there is no evidence of any such act on the part of the plaintiff, or of his grantors, the plaintiff's action must fail. He has not succeeded in proving a title to the land superior to that of defendant Church. Nor can plaintiff claim here that the title to the premises is in him under the lease. His complaint alleged ownership in fee of the premises and the judgment at Special Term awarded him possession as such owner. The action was in hostility to the lease and in denial of defendant's rights under it.

The order and judgment of the General Term appealed from should be affirmed, with costs, and, under the stipulation of the appellant contained in the notice of appeal, judgment absolute should be rendered against him.

EARL, J. (dissenting). Not being able to agree with my brethren, I will state briefly my reasons for dissent.

It does not appear that either Van Rensselaer or his lessee was ever in actual possession of the land in question. From the terms of the lease and our knowledge of the country, we may infer that at the date of the lease the land was wild and unimproved. It does not appear that any one was ever in

possession of the land under the lessor or lessee, or that any one in possession ever recognized the title of either, or that any rent was ever paid under the lease. The inference from all the facts is that no rent was ever in fact paid. The plaintiff and those under whom he claims had been in possession of the land under claim of right for more than thirty years. What is there to defeat their title by adverse possession? Absolutely nothing. There is no proof that they were in possession under the lease, or that they ever recognized it. Suppose the lessee had brought this action, what answer could he have had to the adverse possession? Clearly none. And how could the lessor have a better answer? But it is said that there is some sort of presumption that they were in possession, under the lease, in such way that adverse possession could not run against the lessor. Upon what principle can such a presumption against the actual facts as they appear be raised? Can it be the law that when a lease has once been executed all persons thereafter found in the adverse possession of the land must be presumed to be in under the lease? There is absolutely no case holding or hinting at such a doctrine. It is not found in the cases of *Jackson* v. *Davis* (5 Cow. 123), and *Jackson* v. *Harsen* (7 id. 323). In each of those cases the party in possession claimed under or from the lessee, and it was held that he took the position of the lessee, and could not, therefore, dispute the title of the landlord or set up adverse possession against him. But they are far from holding that the relation of landlord and tenant may be presumed without any proof, and thus what would otherwise be an adverse possession be defeated. This case would have been analogous to those if the title of Bradt had by proof been in some way connected with the title of the lessor.

I, therefore, favor a reversal of the order of the General Term and an affirmance of the judgment entered upon the report of the referee.

All concur with GRAY, J., except EARL, J., dissenting, and PECKHAM, J., not sitting.

Order affirmed and judgment absolute for defendants.