(4 App. Div. 312.)

## CHURCH v. WRIGHT.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

ADVERSE POSSESSION—LANDLORD AND TENANT.

Where the relation of landlord and tenant is terminated by a judgment in ejectment obtained by the landlord against the tenant, and the tenant, without redeeming from the judgment or paying rent, remains in possession of the premises, his possession is adverse to that of the landlord. Per Landon, J., dissenting.

Dissenting opinion. For majority opinion, see 38 N. Y. Supp. 701.

LANDON, J. (dissenting). The referee found that the judgment recovered in 1866 by Van Rensselaer against this defendant in ejectment for the nonpayment of rent terminated the lease. The court of appeals, speaking of that very judgment, said, "The effect of the judgment was to terminate the lease." Van Rensselaer v. Wright, 121 N. Y. 626, 25 N. E. 3. But the referee held that the evidence failed to establish an adverse possession for 20 years by the defendant. The evidence was to the effect that the defendant had continued in possession ever since the judgment, without redeeming, and without paying any rent. Had he done either, the relation of landlord and tenant would have been reinstated. But as it was terminated by the judgment, and was in no wise reinstated, the continued possession of the defendant down to 1894, when this action was commenced, was not under that relation; and since the plaintiff's claim rests upon that relation, and upon no other, it necessarily fails. It should be noticed that the "six months after possession of the property awarded to the plaintiff in such an action has been delivered to him by virtue of an execution," within which the defendant has a right to redeem after judgment (Code Civ. Proc. § 1508), or, as

it was expressed in Van Rensselaer v. Wright, supra, by which the "force and effect [of the judgment] could be averted by the defendant's paying up his arrears of rent, and thus keeping the possession of the property," never arrived, because the plaintiff in the judgment of 1886 never had the possession delivered to him.    Thus this defendant, during the 28 years of his undisturbed holding, after the termination of the lease, has never been placed in a position where he must elect to reinstate himself under the lease, or lose his right of possession.    Since the termination of the lease the defendant has held peaceable possession of the premises, claiming adversely, no matter if without original right, to the perfect exclusion of any possession of the plaintiff or her grantors, or under them.    His adverse possession is therefore complete.    Code Civ. Proc. § 365. Moreover, the defendant in 1858 originally entered into possession under a warranty deed from John Young, conveying the premises to him, "subject only to all demands that may be made a lien hereafter by Stephen Van Rensselaer, or his heirs from this date."    All such demands were merged in the judgment of 1866.    Under his judgment, we may assume that Stephen Van Rensselaer or his grantees might at any time have taken possession of the premises; but as neither he nor they did so within 20 years, nor have been able to do so since, the plaintiff lacks both the seisin and possession which section 365 prescribes as the condition precedent to her right to maintain the action.    If cases like Bradt v. Church, 110 N. Y. 542, 18 N. E. 357, Whiting v. Edmunds, 94 N. Y. 314, Bedlow v. Dry-Dock Co., 112 N. Y. 263, 19 N. E. 800, apply, they do so by defining the · limitation of plaintiff's rights under the lease.    Such rights are presumptive merely.    The cases hold that, when the relation of landlord and tenant is once shown to exist, it is presumed to continue. But for the judgment of 1866 this presumption would exist here. But that judgment terminated the lease, and thus rebutted the presumption.    The burden manifestly rests upon the plaintiff to show that since that judgment the defendant has done something to reinstate the old relation, or to recognize its continuance.    Nothing has been shown.    Therefore I advise a reversal of the judgment.

Judgment affirmed, with costs.