CHURCH v. SHULTES et al.

(Supreme Court, Appellate Division. Third Department. April 14, 1896.)

1. ADVERSE POSSESSION—LANDLORD AND TENANT.
    Where a lessor causes the lessee's interest in the premises to be sold under execution, the purchaser does not take possession adverse to the lessor.

2. PARTIES—ACTION TO RECOVER LAND.
    In an action to recover possession of land, a son and daughter of the defendant, who claimed the legal title, were properly made parties, where they lived on the premises, and worked the farm and managed the house, respectively, the mother being too old and feeble to care for herself.

Action by Henrietta Church against Rhoda Shultes and others to recover possession of land. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

W. & G. W. Youmans (W. Youmans, of counsel), for appellants.
Hun & Johnston (Marcus T. Hun, of counsel), for respondent.

PARKER, P. J. In this action the record title from Stephen Van Rensselaer is conceded to be in the plaintiff, and defendants, to succeed in their defense, must show a title by adverse possession in Rhoda Shultes. On February 15, 1858, Rhoda Shultes took a deed from Cyrus B. Shultes of the premises now occupied by her, which are a part of lot No. 308 in the manor of Rensselaerwyck, and which lot had, on July 26, 1803, been leased, by a perpetual lease, by Stephen Van Rensselaer to Shoubal Bouton and Shoubal Bouton, Jr. Cyrus B. Shultes had acquired his interest in the land by a conveyance from Jacob I. Shultes, but it does not appear that Jacob had in any manner succeeded to the interest of the Boutons, or that

he had any title whatever to the premises which he so conveyed. He had, however, taken a deed from one Lincoln, dated April 1, 1851, in which is recited the fact that the premises were a part of lot No. 308, and were "subject to its proportion of certain annual rents, and of certain covenants and conditions made and reserved by Stephen Van Rensselaer, Esq., in his original lease of said lot No. 308." The same fact was recited in the conveyance from Jacob to Cyrus, but the recitation was not, as I understand it, in the deed from Cyrus to Rhoda Shultes. Jacob was the husband, and Cyrus was the son, of Rhoda Shultes, and they all resided on the premises in question. It appears, therefore, that both Jacob and Cyrus Shultes, by the express terms of their deeds, entered into possession of the premises subject to the Van Rensselaer lease, and the conveyance to Rhoda could not vest in her any other or greater interest. On December 8, 1852, Van Rensselaer had secured a judgment against Jacob Shultes for $302.80, which was a lien upon his interest in the premises when he conveyed to Cyrus, and Rhoda, of course, took her conveyance subject to that lien. Such judgment was not obtained for rent due upon the lease of lot No. 308, but was upon a claim having no connection with Jacob Shultes' character as a lessee of that lot. Afterwards, in 1856, on execution issued upon such judgment, Jacob's interest was sold, and conveyance subsequently given by the sheriff of the premises in question to William Campbell, and on the 21st day of January, 1861, Campbell executed a deed of the premises to Rhoda Shultes. She seems to have taken this conveyance from Campbell as a protection to her interest acquired from Cyrus. It is also conceded that no rent has ever been paid by Rhoda Shultes.

Defendants' counsel claims that by virtue of the deed from Campbell January 21, 1861, Rhoda Shultes is to be deemed as having then entered into possession of the premises adversely to Van Rensselaer's title, and that at the expiration of 20 years therefrom her title became perfect by adverse use. His theory is that, by reason of Van Rensselaer's action in selling Jacob Shultes' interest in the premises, any relation of landlord and tenant which may have existed between them was terminated; that the lease as to such premises was forfeited; that any one entering under a conveyance based upon a sale at once entered upon an adverse use; that the relation of landlord and tenant cannot be said to have ever existed as between such a purchaser and Van Rensselaer; and that, therefore, the provisions of section 373 of the Code have no application. Conceding that Rhoda Shultes took her possession under the deed from Campbell, and yet we are of the opinion that she must be deemed to have entered under the lease.

The defendants' counsel concedes that Jacob Shultes stood in the relation of a tenant to Van Rensselaer, and it is very plain that he must be so considered. Bradt v. Church, 110 N. Y. 537, 18 N. E. 357. It was his interest as such tenant, and that only, which was sold on execution, and which passed under the conveyance to Rhoda Shultes. She acquired the same interest which he had,—took

the benefits of his rights, and the burden of his obligations. Surely none of the interest of the lessor can be deemed sold by such a proceeding, even though the judgment creditor was the lessor. He assumes to sell no more than the lessee's interest, and we cannot perceive any difference in effect between this sale and one where the judgment creditor was an utter stranger. The effect of such a sale is not to "forfeit" the lease, but simply to change the tenant. The relation between the landlord and the party sold out is terminated, but the purchaser takes his place, and the lease is still in full force. In short, such a transfer by execution and sale is no different in effect from a conveyance by the lessee to another, and whoever enters must assume possession as a tenant of the lessor. Under this view of the case, Rhoda Shultes entered as tenant, and her possession, under the provisions of section 373 of the Code, could not be deemed adverse, until the expiration of 20 years thereafter. Then, by reason of the nonpayment of rent, it may have become adverse, but since such date a sufficient time has not elapsed to ripen it into a title, and therefore her defense against the record title has failed.

It is further claimed by defendants' counsel that only Rhoda Shultes should have been made a party, and that as to the other defendants the action should be dismissed. All the parties were living upon the land. The defendant Cyrus Shultes was working the farm, and the defendant Philena living in and having charge of the house, and caring for their mother, Rhoda, who is evidently too old and feeble to care for herself. We think, under the circumstances, they were properly joined in this action.

Our conclusion, therefore, is that the judgment must be affirmed. Judgment affirmed, with costs. All concur.