(19 Misc. Rep. 289.)

## SANDERS v. RIEDINGER et al.

(Supreme Court, Trial Term, Westchester County. January, 1897.)

1. ADVERSE POSSESSION—TAX LEASE.

An adverse possession of land cannot be established under a tax lease.

2. DEEDS—WORDS OF CONVEYANCE—INTEREST CONVEYED.

The terms of a deed are sufficient to pass, not only the grantor's interest under a tax lease, but also the fee, where it provides that "I do hereby assign, transfer, and set over unto R., and to his heirs and assigns forever, all my right, title, and interest in and to a certain lot of land, described in a certain lease made," etc.; and it is therefore sufficient color of title to support a claim by adverse possession.

3. ADVERSE POSSESSION—COLOR OF TITLE.

The mere fact of possession by the grantee of a lot acquired by his grantor under a tax lease, and conveyed by an instrument broad enough in terms to pass either the grantor's interest or the fee, is not evidence that such possession was under a claim of ownership in fee, since the claim of adverse possession has to be brought to the knowledge of the owner of the legal title, in order to originate an adverse holding.

4. SAME—BURDEN OF PROOF—LEGAL PRESUMPTION.

A claim of adverse possession must be clearly established, since the presumption is that the possession of land is in subordination to the legal title.

5. SAME—NATURAL BOUNDARY.

In resisting a claim of adverse possession, the contention that a lot was not inclosed is not tenable where the lot was fenced on three sides, and bounded by a river on the fourth.

Ejectment by Joshua C. Sanders against Emelie Riedinger and others. There was a judgment for defendants on a verdict directed by the court. Plaintiff moves to set aside the verdict, and for a new trial. Granted.

J. M. Hunt, for plaintiff.

M. A. Lawler, for defendants.

GAYNOR, J. The plaintiff proves the legal title to the lot in question in him. The defendants claim by adverse possession. They prove that one Briggs obtained a tax lease of the said lot in 1863 for 1,000 years; that he owned the four adjoining lots, and had a dwelling upon them, and that he included the said lot with them by putting a fence around about the entire plot, except along the rear of the lots, which abuts upon the Bronx river; that in 1865 he conveyed the said four lots to August T. Riedinger (the original defendant herein, now deceased) by warranty deed dated July 20th, and also executed to him a sealed instrument covering the said tax-sale lot, dated July 17th, without covenants, and as follows, viz.: "Know all men by these presents, that I  *  *  *  do hereby assign, transfer, and set over unto August T. Riedinger, and to his heirs and assigns forever, all my right, title, and interest in and to a certain lot of land described in a certain lease made," etc., viz.,—specifying the said tax lease; that the said grantee took possession of the said five lots, and kept them so fenced about as one plot, which he resided upon continuously up to the commencement of this action, in 1894. The purchase of all the lots was one transaction. An adverse possession could not be established under the

said tax lease. Bedell v. Shaw, 59 N. Y. 46. And, such lease being concededly invalid, it gives no right of possession.

At the close of the evidence the court construed the said instrument covering the lot in question as a deed of conveyance, and not merely an assignment of the said tax lease, and directed a verdict for the defendants, there being no dispute of the said continuous inclosure and occupation of the whole plot from 1863 up to the commencement of the action. This seems to have been erroneous. No set words or formal parts have ever been essential to a deed to convey title to land. Any words of that meaning suffice. Co. Litt. 7a; 2 Bl. Comm. 298; 4 Kent, Comm. 492, and note; 1 Broome & H. Comm. 483; Jackson v. Fish, 10 Johns. 456; Hunt v. Johnson, 44 N. Y. 27. Kent says the word "assign" or the word "transfer" is probably sufficient. There seems to be no reason to the contrary. The purpose of such a deed is to transfer title, and either word is expressive and apt to that end. It follows that the said deed of Briggs for the lot in question, being sufficient in terms to convey, not only all interest under the tax lease, but full title to the lot, was sufficient to support an adverse claim of title founded upon a written instrument. Code Civ. Proc. § 369. But there is no evidence that such a claim was ever founded upon it. The mere fact of possession under it is not evidence that such possession was under a claim of ownership adverse to the legal title, viz. a claim of ownership in fee; for while the said instrument would be consistent with, and support an adverse claim of, title in fee, it is also consistent with a claim under the tax lease only. That the grantee set up a claim of adverse title in fee, founded upon such instrument, and brought knowledge thereof home to the owner of the legal title, had therefore to be proved by facts in addition to the instrument itself, and the grantee's possession, in order to show the origination of an adverse holding. Such instrument and possession were not notice to the legal owner that possession was not to be continued under the tax lease, as theretofore, but under a claim of ownership in fee founded upon such instrument. The possession of Briggs was in subordination to the legal title, being under the tax lease. The conveyance which the defendants' ancestor took of him was consistent with an intention in the grantee to continue such possession, and there is no evidence that he manifested any different intention, and brought it home to the legal owner. The doctrine of adverse possession is to be taken strictly, and must be made out by clear and positive proof. The presumption always is that the possession of land is in subordination to the legal title. That presumption has not been removed in this case. Sedg. & W. Tr. Title Land, § 730; Jackson v. Sharp, 9 Johns. 163; Bradt v. Church, 110 N. Y. 537, 18 N. E. 357; Doherty v. Matsell, 119 N. Y. 646, 23 N. E. 994.

The deed of the lot to the plaintiff is dated in 1893; and the defendants' claim that it is void as to them, under the statute declaring every grant of lands void if, at the time of its delivery "such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor." Whether the claim of the defend-

ants' ancestor of interest or title was of the extent specified by the statute, depends upon the same question which has already been discussed. Crary v. Goodman, 22 N. Y. 170.

The contention that the plot was not inclosed, for lack of a fence along the side bounded by the river, is erroneous. Natural boundaries suffice. Jackson v. Halstead, 5 Cow. 216; Becker v. Van Valkenburgh, 29 Barb. 319.

The defendants sought to show that the lot in question had been conveyed to Briggs by Fowler, through whose will and the subsequent conveyances the plaintiff makes title, but that the conveyance was lost. There was not sufficient evidence on that head to sustain the direction of a verdict for the defendants.

The motion to set aside the verdict, and for a new trial, is granted.