NEW-YORK, May, 1808.

Jackson v. Dobbin.

Jackson, *ex dem.* Sagoharie and others, *against* Dobbin.

THIS was an action of *ejectment,* for lot No. 39, in the township of *Junius.* The cause was tried before Mr. Justice *Tompkins,* at the circuit in *Seneca* county, on the 22d *June,* 1807.

At the trial, the lease, entry and ouster were confessed, and the possession of the defendant proved. In *June,* 1794, *Murray & Mumford,* two of the lessors of the plaintiff, went on the lot in question, which was surveyed by their direction, and a log-house built upon it, but none of the land was then cleared. In *May* or *June,* 1805, the defendant in a conversation with a witness for the plaintiff, offered a part of the lot for sale, and showed articles of agreement for the purchase, made between him and *Murray & Mumford,* and said that he had paid them fifty dollars in part. At another time the defendant said, that Mr. *Ledyard* had the care of the lot for *Murray & Mumford.* The defendant had cleared a part of the lot and sown a crop of wheat. In 1805, the defendant said that he purchased the lot of *Murray & Mumford.* In *June,* 1806, an

An acknowledgment by a defendant in ejectment, that he went into possession under one of the lessors of the plaintiff, was held sufficient evidence to enable the plaintiff to recover, it being a matter of fact for the jury to decide, whether the defendant held under the plaintiff or not.

agent of *Murray & Mumford* called on the defendant, to know whether he meant to pay the money due on his contract. The defendant said that he did not intend to pay any more money until he could get a title for the lot; that a Mr. *Harris* had claimed title to the lot, and threatened to bring an action of ejectment. On being urged to say what he meant to do, the defendant said that he did not hold the land under any contract; that he did not intend, nor was he liable to pay any more at present; that no contract was made between him and *Murray & Mumford*, but only twenty dollars had been paid, which had become forfeited, and that he did not hold possession under any person.

The judge charged the jury, that a prior possession of the lessors of the plaintiff was sufficient to maintain the action; that the entry of *Murray & Mumford*, and the survey of the lot, and erecting a log-house upon it, was sufficient evidence of possession, and put the defendant on his title; that if the defendant had confessed the title of the plaintiff, that was sufficient to enable him to recover; that if the defendant claimed under *Murray & Mumford*, he thereby recognised their title, and was entitled to notice to quit, unless he had afterwards denied that title, in which case such notice would be dispensed with. The jury found a verdict for the plaintiff.

A motion was made by the defendant for a new trial, for the misdirection of the judge, and because the verdict was against evidence.

*E. Williams*, for the defendant. To maintain this action the plaintiff must show a right of possession; not a mere claim or prior possession. A mere prior possession for less than 20 years, without some evidence of title, will not support this action: and whether a mere possession for 20 years would be sufficient seems not to have been expressly decided by the court. The plaintiff did not offer any proof of title; nor was there that kind of possession as would give a title. A mere possession fence, as it is

called, unless accompanied with a continual claim, is not considered as evidence of title.* Again, if the plaintiff relies on a prior possession, he ought to show that he was in possession when the defendant entered. If it should be said, that the defendant is estopped by his contract with *Murray & Mumford* from denying their title, it may be answered that the contract ought to have been produced and proved. Parol evidence of its contents was inadmissible.

*Hopkins* contra. It is not necessary, perhaps, to inquire in this case, whether a prior possession for less than 20 years, would enable a party to maintain ejectment. It is enough that the defendant has acknowledged the title of the lessors of the plaintiff. Where one goes into possession under the title of another, and afterwards disclaims that title, he is bound to restore the possession, and the other party may bring his action of ejectment. [He was stopped by the court.]

*Per Curiam.* This is a clear case. There is an unequivocal acknowledgment by the defendant, that he went into possession under *Murray & Mumford,* two of the lessors of the plaintiff ; and whether he held under them or not was a matter of fact for the jury to decide. The motion for a new trial must be denied.

Rule refused.