Per Curiam.
 

 The deed maybe read, and if the parties are dissatisfied, it may occur again upon a motion for a new trial.
 

 The defendant relied possession alone.
 

 The grant and title papers of the plaintiff called
 
 *298
 
 for beginning at a certain tree,thence So.
 
 57
 
 East,100 poles; So. 86 East,50
 
 poles;
 
 No. 1 East,135 poles ; Wt. 132 poles, thence to the beginning. In running the third line from the beginning, old marks, nearly grown out, were
 
 found;
 
 they had been cut through the bark—proceeded until they came to a chesnut oak marked, of the same age with the line, as an old corner, at 122 poles, thirteen poles short of the distance called for in the grant. Continuing 13 poles further, a chesnut oak was found marked as a corner, but lightly, the strokes not going through the dead bark. These marks looked old, but there were no marks as a line between the two oaks, 13 poles apart. It was proved that about eight years ago, the plaintiff shewed the first oak at the end of the 122 poles, as his corner, to the defendant and to a surveyor who was running round it. The last oak was not known of till about 18 months ago. Mr. Vincent, the original surveyor, was inclined to think that the last oak was the corner,though he had no other reason for thinking so, than that it agreed within a few poles with the distance.
 

 Per Curiam.
 
 Campbell, j. and Overton,
 
 j.
 
 Powell having been employed, was absent.
 

 This is not a question whether the lessor of the plaintiff will have too much or too little in his grant, as has been argued at the bar. That is unimportant. It is a question of boundary, and which is the corner as originally made, of the two chesnut oaks; if the last, or at the distance of one hundred and thirty five poles, the defendant is guilty; if the first, or at the distance of 122 poles, he is not.
 

 The evidence on the part of the plaintiff is, that of the original surveyor, courses, distances, &c.—The law is, that if no line be marked, nor corner made, course and distance shall be observed ;
 
 (a)
 
 this however is not in question. It is, which of the two oaks were originally marked as the corner. On the part of the defendant it is said, there are no marks between the two trees; that the last is but lightly marked, and that it is marked differently from the marks on the line, and on the first corner.
 
 *299
 
 That the plaintiff about eight years ago, shewed the first oak as his corner.
 

 Kennedy for the plaintiff.
 

 And White for the defendant.
 

 Admissions of either party as to matters of fact, are admissible evidence,
 
 *
 
 but not so as to admissions respecting matters of law, for the ipse dixit of any man cannot alter the law, and loose observations as to its meaning, should never prejudice. Admissions however, like every other kind of parol evidence, is subject to be compared and weighed with other evidence; and if that of a higher and more infallible nature appear variant, it may controul, on the ground of mistake or misapprehension. But if others in conforming their actions to such admissions had acquired rights, with the knowledge and acquiescence of the person making the admission, it would be obligatory.
 

 Where uncertainty attends the facts to which such evidence relates, admissions attach and deservedly have great weight.
 

 Verdict for defendant.
 

 (a)
 

 2
 
 Bay. 515. Littel 44. 2 Mass 380. 3 Call. 242. 1 Hay 22 377
 
 238
 
 496.
 

 *
 

 Respecting admissions of matters of fact in ejectment, 3 Johns. 223, 499. 2 Johns. 120 Gd. Ed. Esp. N. P. 34. 2 Dall. 94. 4 Hen. & Mun.194. Camp. Rep. 367, 4 Johns. 143. As to admissions of matters of law, see Hardin's Rep. 282. Polk's lessee vs.Robertson & Cochral, Federal court West Tennessee June, 1809, P. Todd, J.