## JACKSON, *ex dem.* WILLS *et al. against* STILES, TUCKER, *tenant.*

*Sudam,* moved that *Maria C. Gouverneur* be admitted to defend in the place of *Tucker,* the tenant, who held by lease from her, he having refused to appear and defend.

*T. J. Oakley,* read an affidavit, shewing that *Tucker* originally took possession under a lease from one of the lessors of the plaintiff, *Nov.* 1, 1821, and held under the same till the 1*st* of *May* last, when the lease expired; that *Tucker* had ever since continued to hold over against the will of the lessors; and had taken a lease from *Maria C. Gouverneur,* of the premises in question, commencing on the first day of *May.*

*Curia.* The motion must be denied. The tenant was bound to surrender the possession to his original landlord, and cannot be permitted to controvert his title, or enable Miss *Gouverneur* to do this by taking a lease from her. We will not permit her to set up any defence which the tenant could not. She has no right to be considered landlady for the purposes of such a defence.

Motion denied.

*Margin notes:*

ALBANY, October, 1823.

JACKSON v. STILES.

A tenant holding over after a lease expired, cannot controvert his landlord's title.

Nor, if he take a lease from a third person, on being ejected, will that third person be allowed to defend as landlord?

The latter claiming under the tenant, has no greater right to a defence than the tenant would be entitled to.