Reese, J.
delivered the opinion of the court.
On the trial the circuit court charged the jury correctly, except that they were told that if the defendant had no notice of the lease, he would not be concluded by it from insisting upon his title, and might, though deriving his possession from a tenant of the plaintiff, retain it against him without surrendering it to him. This distinction, which we consider not well founded, probably arose in the mind of the court from a misapplication of the doctrine established with reference to the facts and circumstances, as between landlord and tenant, and those claiming the possession from the latter, *90 which will protect them as against the landlord by operation of the statute of limitations. We do not mean to say that the notion of notice in such case would have any proper applica-^011} £or tjie par 0f ⅛6 statute, as between landlord and those claiming in fee under the tenant, will arise, not from .the want df notice, and of the tenancy, on the part of defendant, but from the notorious character of his adverse and .exclusive holding. In the case of Wilbrow vs. Watkins, 3 Peters, alluded to and re-affirmed in Person vs.' Smith, that court declared the law to be settled, that a purchase by a tenant of an adverse title, claiming under or attorning to it, or any other disclaimer of tenure, with the knowledge of the landlord, was a forfeiture of his term; that his possession became so far adverse, that the act of limitations would begin to run in his favor from the time of such forfeiture, and the landlord could sustain an ejectment against him, without notice to quit, at any time before the period prescribed by the statute had expired, by the mere force of the tenure; but that the tenant could, in no case, contest the right of his landlord to possession, or defend himself by any claim or title adverse to him, during the time which the statute' has to run. If the landlord under such circumstances, suffers the time prescribed by the statute of limitations to run out, and without making an entry, or bringing a suit, each party may stand upon their right; but until then, the possession of the tenant is the possession of the landlord. The same doctrine is by many cases extended to those who claim under the tenant, as well in fee as by sub-lease. See 4 Hay. Rep. 158, 257: 5 Hay. 101: 2 Hay. 177: Adams on Ejectment, 30, 31, 54, 57, 247: 3 John. Rep. 223, 491: 4 Do. 163, 202: 4 Serg. and Rawle, 467, 470: 1 Cow. Rep. 575: 5 Cow. 123: 7 Cowen, 323: 5 Yerg. 217, 397, 398, &c. Duke vs. Harper, 6 Yerg. 280.
Since this cause was first before the court, it has again been brought under our consideration, and pressed with much zaal and or’'‘Osiness by the counsel for the defendant; but we think the principles applicable to the case, well settled. Let the judgment bo reversed, and the case be tried again in the circuit court, where the law will be charged as in this opinion.
Judgment reversed.