## STEPHEN VAN RENSSELAER *v.* EGBERT S. WRIGHT.

*Code of Civil Procedure, section 1507 — meaning of the word "fixed" as used therein — section 1373, writ of possession, collection of money under — presumption arising from the tenants continuing in possession for twenty years after entry of judgment in ejectment.*

The requirement of section 1507 of the Code of Civil Procedure, that the amount of rent in arrear must be "fixed" in a judgment of ejectment, is only intended to enable the defendant to avail himself of sections 1508 and 1509, authorizing a redemption of the land by the payment of the amount of rent due, with interest and costs. It confers a privilege upon the defendant, and does not create a judgment against him.

Section 1373, authorizing the writ of possession, which provides that if a sum of money is awarded, it may be collected by virtue of the same execution, only intends that the plaintiff may insert in the writ of possession a mandate to collect any money adjudged to him, but not that the money must be so collected, or that it can be collected without the insertion of a mandate to that effect.

Where, under a judgment in ejectment, the plaintiff is entitled to take possession at once of the land, and the defendant has a right, on the payment of a certain sum, to retain possession or to recover it within six months after it has been lost, and the defendant remains in possession for more than twenty years, the presumption is that the defendant has at some time during this period paid the necessary sum and thus become entitled to keep possession.

The lapse of twenty years, by analogy to the limitation imposed upon the collection of judgments, constitutes a bar to an application for a writ of possession under a judgment in ejectment.

APPEAL by the defendant from an order, entered in the clerk's office of the county of Albany on the 12th day of November, 1888, which granted leave to Walter S. Church, the assignee and successor in interest of Stephen Van Rensselaer, the plaintiff in the above-entitled action, to issue execution or writ of possession in favor of the said Walter S. Church, as assignee and successor as aforesaid, upon the judgment heretofore recovered in this action on the 24th day of November, 1866.

In this case an action was brought to recover possession of a farm for non-payment of rent under one of what are known as the manorial leases in perpetuity. Judgment was recovered in favor of plaintiff. The usual judgment for possession was entered November 24, 1866. Subsequently the judgment was assigned to Walter S. Church. On the 7th day of February, 1867 an execution for the costs included in the judgment was issued, which was afterwards withdrawn. On the 25th of December, 1867, a writ of possession and execution for costs was issued, which was afterwards withdrawn without being executed or satisfied in whole or in part. None has been since issued.

The present owner of the judgment asked leave to issue a writ of possession. The defendant objected, setting up the statute of limitations; and also asserted that the judgment, rents and costs were fully paid and satisfied. Leave to issue the writ was granted and the defendant appealed.

*W. Youmans,* for the appellant.

*G. L. Stedman,* for the respondent.

LEARNED, P J.:

The defendant urges that under section 376 of the Code of Civil Procedure a final judgment for a sum of money is presumed to be

paid after twenty years. In this instance, if there is a judgment for costs, that is, a judgment on which an execution to collect the costs could issue, that section applies to that part of the judgment. The roll is not before us; it is not in the printed papers. We do not understand that the order authorizes an execution to collect the costs.

The defendant urges that under section 1507 the amount of rent in arrear must be "fixed" in the judgment, and that, therefore, as to that amount, also, this judgment is strictly for a sum of money. We think not. The fixing of that amount in the judgment is only to enable the defendant to avail himself of sections 1508 and 1509. Section 1508 gives him the privilege, within six months after possession has been delivered, to redeem his land by payment of the amount of rent due, with interest and costs. This is a privilege to the defendant, not a judgment that he must pay such an amount.

Section 1373 authorizes the writ of possession, and says that if a sum of money is awarded it may be collected by virtue of the same execution. That only means that the plaintiff may insert in the writ of possession a mandate to collect any money adjudged to him; not that it must be so collected; or that it can be collected without the insertion of a mandate to that effect.

The question in the present case is not precisely what it would be in a case of recovery of land against an adverse claimant. Here the recovery is solely for non-payment of rent; and, further, a right to redeem extends until six months after possession delivered to the plaintiff. Clearly, then, the defendant has had the right during all this time since the judgment to pay the rent which had then accrued, and thus to relieve himself from the judgment. He was not for that purpose required to pay subsequent rent. (Section 1508, note to section 1509.)

We have, then, a case where the plaintiff has a right by his judgment to take possession at once of land, and the defendant has a right, on the payment of a certain sum, to retain possession or to recover it within six months after it has been lost. For more than twenty years the defendant remains in possession and the plaintiff does not take the possession adjudged to him. What is the presumption? Is it not that the defendant has, at some time during

these twenty years, paid the sum necessary and thus become entitled to keep the possession? The theory on which all this doctrine of limitations rests is, that persons do not sleep on their rights; that the probability is that debts have been paid when creditors do not enforce them. This applies here. Unless the defendant had paid the rent in arrear, why did not the plaintiff issue his writ of possession? The defendant's affidavit states that the judgment, rent and costs are fully paid and satisfied. His statement is sustained by the presumption of the case.

Furthermore, although this judgment is not in form for the payment of a sum of money, yet this may be considered to be its practical effect, inasmuch as that is all which the plaintiff can have if the defendant chooses to redeem.

In *Samson* v. *Rose* (65 N. Y., 411) the Commission of Appeals held that upon the commencement of an action in ejectment for non-payment of rent the estate of the tenant ceased and all crops thereafter sown belonged to the lessor. But in *Cagger* v. *Lansing* (69 N. Y., 417) the court did not decide what were the rights of the tenant after judgment. Nor does section 1524 detract from the privilege of redemption above mentioned.

Section 1377 limits the time within which the plaintiff has a right to issue execution. After that time he can issue it only in two cases, the first of which does not exist, and the second is by order of the court. Thus there is a statutory limitation of five years.

These provisions are a substitute for the old *scire facias*, which could be brought only within ten years after docketing a judgment (2 R. S., m. p. 577, § 3); the right to issue execution being limited to two years. (2 R. S., 363, § 1). This limitation of the *scire facias* was the same with the lien of the judgment. We can hardly think that under the Code the privilege of obtaining leave to issue execution should last for all time. And we are of opinion that, in analogy to statutes already cited, the lapse of twenty years (if not less) should bar the application.

The order should be reversed, with ten dollars costs and printing disbursements, and motion denied.

LANDON, J., concurred.

FISH, J. (concurring with Justice LEARNED):

The judgment in this case was perfected on the 24th day of November, 1866, more than twenty years before this motion was initiated. Walter S. Church now claims to be the owner of it by assignment, and states that he has had control of the action from the commencement; that on the 7th day of February, 1867, an execution was issued for the costs only, which was afterwards withdrawn without having been executed or satisfied; and on the 24th of December, 1867, a writ of possession and execution for costs was also issued, but afterwards withdrawn, without having been executed or satisfied; and that the judgment for costs remains wholly unpaid, and the recovery of possession unexecuted; that the real estate still remains in possession of defendant.

The defendant Wright makes affidavit that he holds the land under a perpetual lease; and the action was instituted because of the non-payment of rent. He denies the assignment of the judgment to Church, and states that said judgment for rent and costs is fully paid and satisfied. Upon these premises, the order of the Special Term was made, giving leave to Church to issue writ of possession against defendant upon the judgment.

By section 376 of the Code of Civil Procedure a final judgment or decree for a sum of money, rendered in a court of record, is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it. This presumption is, by the section, made conclusive, except, etc.

As there is no pretense that in this case anything has been done to bring it within the exceptions stated, the presumption is conclusive. Without the aid of this statute, there would be great reason to believe that the judgment recovered in this case had been in some way satisfied. It was a case where the tenant in possession before the enactment of the Code would have been allowed, at any time before actual ouster, to have paid up the rents and costs recovered, and, by section 1508 of the Code, at any time within six months after ouster.

It is not probable that after such a recovery in a contested case it would have been permitted to rest upwards of twenty years, unless something had occurred between the parties which satisfied the

plaintiff. As the defendant has made affidavit that it was paid and satisfied, the order allowing execution ought not to be sustained. In case of a *stale* demand slight evidence of payment will do.

A payment and settlement or a compromise with Van Rensselaer in his lifetime, or with James Kidd or Peter Cagger, or their personal representatives, would have been good ; and, for aught that appears on this motion, the judgment may have been satisfied in that direction. Mr. Church, who now claims to be the owner, cannot know how that may be.

The title of Church to the judgment is not very clearly established. No assignment from Van Rensselaer to Kidd or Cagger is produced ; nor is there any such document from Kidd and the heirs or the personal representatives of Cagger ; only the general statement by affidavit of Church that it was so assigned. The denial, by defendant, of the assignments puts the allegations of Church at issue ; and he is called upon for further proof that he is the assignee.

But the statute is clearly in the way of any party seeking to enforce the judgment.

If the rent and costs were paid, even after the recovery, the defendant remaining in possession, that ended all right to further enforce it. The defendant says that it was paid ; and the statute, after a delay of twenty years, makes the presumption of payment conclusive.

The theory of the plaintiff's counsel, that this was not a decree for a judgment or sum of money, and for that reason section 376 of the Code of Civil Procedure does not apply, is not sound. It is a recovery of the possession of the land because the defendant failed to pay the rent. The statute requires that the sum of the rent shall be determined, so that the defendant may pay it and stay the recovery. It is only another way of recovering rent. The section certainly applies to so much of the judgment as fixes the sum of the rent and costs ; and, if that is paid, the judgment cannot be further enforced. The case is clearly within the spirit and letter of the section.

The order must be reversed, with costs and disbursements.

Order reversed, with ten dollars costs and printing disbursements, and motion denied.