STEPHEN VAN RENSSELAER, Appellant, *v.* EGBERT S. WRIGHT, Respondent.

A judgment for plaintiff, in an action for the recovery of possession of land, for breach of the condition as to payment of rent in a manorial lease in perpetuity, is not a judgment for or directing the payment of money within the meaning of the provision of the Code of Civil Procedure (§ 376), declaring that a money judgment is presumed to be paid and satisfied after the lapse of twenty years from the time the successful party is entitled to a mandate to enforce it; nor is such a judgment within the principle of the rule.

The judgment awarding possession terminates the lease, and can only be satisfied by restoration of the land. If it fixes the amount of rent in arrears, that simply bears upon defendant's right of redemption, he having the privilege of averting the effect of the judgment by paying up his arrears of rent.

Nor does any presumption arise from the fact that plaintiff has delayed for twenty years the enforcement of his judgment, that defendant has

within that time paid the rent in arrears and costs, and thus become
entitled to keep possession.

Such a judgment is embraced within the provisions of said Code (§§ 1377,
1378) prohibiting the issuing of a writ to enforce a final judgment, in case
none has been issued within five years after the rendition of the judg-
ment, except where an order has been granted, as prescribed, giving leave.

The granting of an application for such an order rests solely within the
discretion of the court, and the question as to the effect of the lapse of
time is one to be determined by it when called upon to exercise that
discretion.

Where an order of General Term, denying an application for leave to
issue a writ of possession made more than twenty years after the entry
of final judgment, was silent as to the question of power, *held*, it was to
be presumed here that the order was made by that court in the exercise
of its discretion, and so was not reviewable; and this, although its
opinion showed the decision was based upon the ground that the appli-
cation was barred by the lapse of time.

Reported below, 56 Hun, 39.

(Argued June 17, 1890; decided June 24, 1890.)

· APPEAL from order of the General Term of the Supreme
Court in the third judicial department, made November 26,
1889, which reversed an order of Special Term granting leave
to plaintiff's assignee to issue execution or writ of possession
upon a judgment recovered in this action October 17, 1863.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*George L. Stedman* for appellant. The claim of adverse
possession is not well founded. (*Cagger* v. *Lansing*, 64 N. Y.
417; Code Civ. Pro. §§ 373, 1524; *Whiting* v. *Edmunds*, 94
N. Y. 309; *Jackson* v. *Packer*, 3 Johns. Ch. 124; *Jackson* v.
*Thompson*, 16 id. 273.) The provisions of the Code with ref-
erence to the duration of the lien of a judgment do not
apply to a case of this kind. (Code Civ. Pro. § 1251.) No
permission or decree of the surrogate was necessary. The pro-
visions of law requiring such a decree apply only to judgments
for "a sum of money." (Code Civ. Pro. §§ 1380, 1381.)

*William Youmans* for respondents. The judgment for
costs is barred by the Statute of Limitations, being over twenty

years old, and if the judgment is barred for one purpose, it must be for all. (Code Civ. Pro. §§ 376, 1507, 1508.) When the Statute of Limitations has run against a judgment, it is a defense to a *scire facias* to revive the judgment. (*Simpson* v. *Lasalle*, 4 McLean, 352.) This judgment and the revival of the same are controlled by the Revised Statutes, and not by the present Code. (Voorhies' Code, § 455.) This proceeding cannot be controlled by the present Code of 1877, for the reason that the judgment sought to be revived had run eleven years, or was eleven years old when the statute of 1877 took effect. (*Clark* v. *L. S. & M. S. R. Co.*, 94 N. Y. 217.)

GRAY, J. The application for leave to issue an execution, or a writ of possession, upon the judgment in this action was denied at the General Term, upon the ground, according to the opinion, that a legal presumption of its satisfaction has attached. The action was for the recovery of the possession of land, for breach of the condition as to payment of rent contained in a manorial lease in perpetuity, and more than twenty years ago the plaintiff was awarded judgment of possession. This judgment was never sought to be enforced by a writ of possession, and the theory of the General Term, in holding that the present application by plaintiff's assignee of the judgment is barred, is that the doctrine of limitations applies, and that, from non-action by the plaintiff, the presumption arises that the defendant has, at some time during these twenty years, paid rent and costs, and thus became entitled to keep the possession of the land. It was also deemed at the General Term that this judgment practically amounted to one for the payment of a sum of money. If this latter view is correct, the Code provision as to the presumption of payment might be applicable.

But I am unable to agree either in this view, or in that which sees in the lapse of twenty years a necessary legal bar to the enforcement of a judgment awarding the possession of land. Section 376 of the Code of Civil Procedure, by its language, is limited to final judgments, or decrees, for the payment of

moneys, and it is only with respect to them that presumptions of payment may obtain and control, from the lapse of twenty years. The judgment in an action for the recovery of the possession of land cannot properly, or in a legal sense, be said to be a judgment for, or directing the payment of moneys. It is a judgment for the property itself, and if the present judgment fixed the amount of rent in arrear (a fact of which, in the absence of the judgment-roll, we are not informed) that would only be an incidental feature, bearing upon the defendant's privilege of redemption and upon the amount of moneys collectible through the same writ, as due the plaintiff. The effect of the judgment was to terminate the lease, and the virtue of the writ is in placing the holder of the judgment in possession of the property. Both before and since the enactment of the Code of Civil Procedure, the defendant in ejectment was allowed up to a certain period of time, after dispossession through an execution of the judgment, to redeem upon payment of the rent in arrears and the costs adjudged. But the legal effect of the judgment being to destroy the defendant's tenure of the property and to award the property to the plaintiff, what legal presumption can arise, by the mere lapse of time thereafter and from nonaction by the plaintiff, as to the condition of the judgment? It could only be satisfied, in one sense, by the restoration of the land, but its force and effect could be averted by the defendant's paying up his arrears of rent and thus keeping the possession of the property. That result, however, is not the satisfaction of the judgment; it is the intervention of the statute in behalf of the tenant of the land and which prevents the judgment from being carried into effect. So it seems to me that we cannot hold, directly, or by analogy, that a presumption of satisfaction attaches, after the expiration of twenty years, to a judgment in such an action as this. The statutory provision, in creating the legal presumption of payment as to judgments for moneys, after an expiration of twenty years, was but the incorporation in our statute law by the legislature, of a rule, which had long existed at common

law. It was first applied by Sir MATTHEW HALE to cases of debts due by specialty, and it became generally recognized and was followed by courts of law and equity and was applied in cases of money judgments and mortgages. I do not think that there is any authority for the extension of the application of this rule of presumption to judgments awarding the possession of property. If the argument is that on principle the courts should hold them to be included within the rule which raises the bar of presumption in the cases of money judgments, the answer seems to me to be that it is not a question of principle at all, but one of established rules. The considerations advanced in support of the argument on principle are those which may be addressed to the court, when the exercise of its power is invoked to enforce the judgment by its writ. By section 1377 of the Code, after the lapse of five years from the entry of a final judgment, an execution can only issue in one of two cases; first, where within the five years an execution has been issued and returned, wholly or partly unsatisfied; and, secondly, where an order is made giving leave. By this latter provision of the section a discretion seems to have been vested in the court, with respect to issuing an execution upon its judgment, which is so general in its nature as, in my opinion, to cover such cases as the present one. This discretion, vested in the court by section 1377, is controlled in its exercise by the section following. Its provisions require a notice of the application to be given to the adverse party, thus affording an opportunity for a hearing upon the question of whether it is a case for the enforcement of the judgment by writ. It is also to be observed that section 1378 plainly contemplates an application for leave to issue an execution, in a case other than that of a judgment for a sum of money. The conclusion seems to be clear that the granting of an application for leave to issue an execution, or a writ of possession, in such a case as this, is one resting wholly in the discretion of the court. If a proper case is made out, the court has the power to grant it, and doubtless would do so. While we cannot agree with the opinion of the General

Term that the application is barred by lapse of twenty years, its order is silent as to the question of power, and we must hold it to have been discretionary and, therefore, not reviewable by us.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.