### VAN RENSSELAER v. WRIGHT.

#### SAME v. SHAFER.

(*Supreme Court, General Term, Third Department.* November 26, 1890.)

APPEAL—DISMISSAL—PROCEEDINGS BELOW.

> Where the court of appeals dismisses an appeal on the ground that the matter decided rested solely in the discretion of the court below, the latter court is not bound by *dicta* upon the merits in the opinion of the appellate court.

On motion for reargument. For report of original hearing, see 8 N. Y. Supp. 885.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*G. L. Stedman* and *W. S. Dyer,* for appellant.    *W. & G. W. Youmans,* for respondent.

LEARNED, P. J.    A motion was made at the special term for leave to issue an execution on the judgment in each of these cases. The motion was granted, and an appeal was taken by the defendants to the general term. The appeals were argued in November, 1889, and decided in February, 1890, and the order granting leave was reversed. The plaintiff appealed to the court of appeals, and in June, 1890, these appeals were dismissed by that court, for the reason that the granting of leave in such a case "is one [meaning a matter] resting solely in the discretion of the court." 25 N. E. Rep. 3. The plaintiff now moves this court for a reargument of the appeals heretofore heard and decided here. He places this motion on the grounds of certain *dicta* in the opinion of the court of appeals. Opinions of courts are only the reasons for their decisions. They should be nothing more. When a court dismisses an appeal on the ground that the matter decided rested solely in the discretion of the court below, it is quite plain that a discussion whether the decision appealed from was correct or not is not in the least pertinent. What the court of appeals decides is authoritative, till overruled or distinguished. What it talks about in opinions, but does not decide, may be eloquent and logical,—a store-house for future briefs,—but is not authoritative. In the present case, therefore, the court of appeals has decided only that the matter involved in these motions was solely in the discretion of this court, and that an appeal to that court does not lie. We accept that decision, and admire its soundness. But, when that court holds that it has no jurisdiction to hear these appeals, we do not see the propriety of discussions on the merits of the cases. As the opinion says that this court "was silent on the question of power," it was not necessary to prove what had not been denied. And, in a question of discretion, we are to exercise our own, and not that of another court. It may be worth while to refer to the decision of this court, reported in 8 N. Y. Supp. 885. It will be seen that this court said that, if there was a judgment for costs, that part would be presumed to be paid after 20 years. Code, § 376. The judgment roll was not in the printed papers. But plaintiff's affidavit spoke of an execution having been issued for costs. This court further referred to the fact (in the *Wright Case*) that the defendant's affidavit stated that the judgment, rent, and costs had been fully paid and satisfied, which statement the court thought was sustained by the presumptions in the case. These presumption arose from the facts that the judgment was recovered on November 24, 1866; execution for costs issued February 7, 1867, and withdrawn; execution for costs and writ of possession issued December 24, 1867, and withdrawn without being executed; and no steps thereafter taken till October 12, 1888, and no reason given for the delay. The court also referred to the old provision

of *scire facias* to revive a judgment.   2 Rev. St. marg. p. 577, §§ 1, 3.   This was the former mode of relief when a party had neglected to issue an execution within the proper time.   That remedy was limited to 10 years after docketing the judgment, which time was the length of the judgment lien.   This court was of the opinion that the privilege of issuing an execution, or writ of possession, should not last for all time, and the court thought that, "in analogy to statutes," it was reasonable that, after 20 years, this privilege should be denied, especially in the absence of all excuse for the long delay.

It was the practice of the courts of equity to follow the statutes of limitation, even before those statutes were legally binding on those courts.   *In re Neilley*, 95 N. Y. at 390.   And in like manner this court believed when the cases were here before, as it now believes, in its sound discretion, and in analogy with the statutes of limitation, and on the affidavit of the defendant Wright that the judgment in this case had been paid, that leave to issue a writ of possession and execution should be refused.   Very possibly, if the discretion had been given to the court of appeals, that court would have thought, judging from its opinion, that, notwithstanding the staleness of the judgment, leave should have been granted.   This judgment is really for the enforcement of rents; for, on payment of rent, and costs, even within six months after possession delivered, the defendant is entitled to have the possession.   This fact seemed to this court to favor the probability that payment had been allowed made, and that therefore, defendant had been allowed to keep possession.   If it had been a recovery in ejectment, not for rent, no payment of money would have entitled the defendant to remain in possession.   It is quite possible also that, if the question of discretion were before the court of appeals, that court might not consider that the possession of the land by the defendant, for 200 years undisturbed, would afford any presumption that the defendant had paid the judgment, as he might do.   In the words of the opinion: "What legal presumptions can arise by the mere lapse of time thereafter, and from non-action by the plaintiff, as to the condition of the judgment?"   But it seemed to this court that, when a plaintiff applied to it in its discretion to grant leave to enforce such a judgment as this, the court might reasonably take into consideration that the claim was stale; that plaintiff had twice issued and withdrawn executions; and that the defendants had remained undisturbed for more than 20 years.   The court of appeals is unable to agree with the statement of this court that, in practical effects, these are judgments for the payment of money.   This is perhaps a mere question of words.   The practical effect is that, if the defendant pays a certain sum of money, plaintiff's judgment is satisfied, and defendant keeps the land; so the plaintiff has no absolute right to the land.   We did not speak of the technical legal rights, but of the practical effects, as tending to show that this long period of over 20 years' possession by defendant might not have been due to plaintiff's non-action, but to the redemption of the property by the defendant.   A judgment for money is conclusively presumed to be paid after the lapse of 20 years, except, etc.   Code, § 376.   What is the meaning of this law, and of similar laws and principles?   It is that it is safer and better, on the whole, that, after such a length of time, persons shall not enforce claims.   Proofs of facts are lost.   Witnesses are dead.   Long acquiescence has lulled parties into security.   Persons with just claims do not sleep on them.   All these reasons apply to the present cases.   So we thought when the cases were here before.   So we think now.   Motion for reargument denied, with $10 costs.