ARTHUR W. SHULTES, Appellant, v. NICHOLAS A. SICKLES, Respondent.

*Ejectment — writ of possession may be issued after twenty years — effect of a judgment against the party in possession and of his attornment.*

In an action of ejectment, where the plaintiff offers in evidence an order of the Special Term of the Supreme Court of June 19, 1883, giving leave to him, as assignee of a judgment, for the non-payment of rent, of April 28, 1864, to issue execution thereon, an objection to its reception in evidence, on the ground that the statute provides that no writ shall be issued to revive a judgment after ten years from the time of filing the judgment roll, and that the court had consequently no power to issue the writ, is not well taken.

An execution, by leave of the court, may be issued on such a judgment at any time, even after the lapse of twenty years from the rendition thereof.

The statute in such a case only requires notice of the application for leave to issue execution to be given to the defendant in the action.

In an action of ejectment for non-payment of rent, it is only necessary to make the party in possession of the demised premises a party defendant, and the judgment against such defendant, while not conclusive upon the rights of the owner of the leasehold interest under whom such defendant is in possession, will enable the party entering under such judgment to defend his title and possession as against such owner of the leasehold interest.

An attornment by the party in possession of the premises, after their recovery under a judgment in ejection, to the owner of the landlord's interest, the holder of such judgment, is not in violation of the provisions of the statute.

APPEAL by the plaintiff, Arthur W. Shultes, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the 27th day of October, 1892, after a trial before the court and a jury at the Albany Circuit, at which a verdict for the defendant was directed by the court.

The action was in ejectment. The complaint alleged that, prior to the 1st day of April, 1876, one Joseph I. Shultes was the owner in fee of the premises therein described, and on that day entered into a written contract with the defendant, Nicholas A. Sickles, for the sale thereof, under which the defendant, Nicholas A. Sickles, entered into possession of the premises; and that the defendant, Nicholas A. Sickles, had failed and neglected to comply with the terms and conditions of the contract by neglecting to pay the sum of money therein provided to be paid by him.

The answer admitted the making of the contract and further alleged that the defendant was the owner and in possession of the premises by virtue of a deed of conveyance thereof, executed by Walter S. Church, who was the real owner of said premises prior to and at the time of said conveyance, and denied that the plaintiff was the owner thereof.

*W. Youmans*, for the appellant.

*G. L. Stedman*, for the respondent.

PUTNAM, J.:

This is an appeal from a judgment entered in Albany county on October 27, 1892, upon a verdict for the defendant directed by the trial court. The action was ejectment. Both parties derived title under the lease executed by Stephen Van Rensselaer to Johannes Shafer, dated May 29, 1797, reserving an annual rent.

Under said lease the lessor, Van Rensselaer, obtained judgment of ejectment for non-payment of rent on April 28, 1864, against John Sickles, then in possession of the premises in question. The rights of Van Rensselaer in said judgment and premises were duly transferred to Walter S. Church prior to January, 1883. The latter on June 19, 1883, obtained an order of the Special Term giving leave to him, as assignee of the judgment, to issue execution thereon, the order reciting that it was granted on the affidavit of Walter S. Church, and on proof of the due service of said affidavit and notice of motion. Execution was issued, and the return of the sheriff indorsed thereon shows that Church was put in possession of said property on July 27, 1883. On that day John Sickles, the defendant in the action, and Nicholas A. Sickles, who were in possession of

said premises at the time, executed a paper whereby they surrendered the possession thereof to Church and acknowledged that they held the same as tenants at will under him. Church afterwards executed a deed of the land to defendant.

If the proceedings of Church under the judgment of ejectment were regular and authorized, it is clear that defendant as assignee of *the landlord's interest in said lease* has a title to the farm in question under the judgment of re-entry superior to that of the plaintiff who claims title under the lessee named in said durable lease.

When the order of June 19, 1883, allowing the issuing of the writ of possession or execution was offered in evidence the only objection made by plaintiff to its reception was that the statute provides that no writ shall be issued to revive a judgment after ten years from the time of filing the judgment roll, and the court had no power to issue the writ. This objection was not well taken. (*Van Rensselaer* v. *Wright*, 121 N. Y. 626.) An execution by leave of the court may be issued on such a judgment at any time, even after the lapse of twenty years from the rendition thereof.

It is suggested by plaintiff that the notice of motion should have been served on Shultes, the plaintiff. But no such objection was made on the trial. Perhaps, if then made, it could have been obviated. Again, the statute only requires notice to be served on the defendant in the action. Therefore, it was not necessary to serve on Shultes. (Civil Code, § 1378.)

In the action of ejectment for non-payment of rent brought by Van Rensselaer, John Sickles, the party in possession of the demised premises, was properly made a defendant. It was not necessary to name Shultes as a party to the action, and the judgment against Sickles, while not conclusive against Shultes as to the averments of the complaint, yet, as it was obtained against the person in possession of the farm, it enabled Church and his grantee to defend his title and possession against plaintiff. (*Bradt* v. *Church et al.*, 110 N. Y. 537.)

The plaintiff proved by the certificate of the sheriff that he delivered possession of said property to Church on July 27, 1883, and also read in evidence a written attornment made by John Sickles, the defendant in the action, and Nicholas A. Sickles, who were then in possession of said premises. The judgment having been obtained

in pursuance of the provisions of the durable lease under which plaintiff claims title to said premises as lessee, and the effect of the judgment being to terminate the lease ( *Van Rensselaer* v. *Wright, supra*), we think the attornment was not in violation of the provisions of the statute. (See *Witbeck* v. *Van Rensselaer et al.*, 64 N. Y. 32 ; *Newell* v. *Whigham et al.*, 102 id. 20.)

Under the execution, Church having been put in possession of the premises on July 27, 1883, the writ and return thereon were filed in the county clerk's office on August 4, 1883. After the lapse of six months from the time the landlord was so put in possession under said judgment, viz., on January 27, 1884, his title to the property became absolute. The lease then, if not before, was terminated. Church then became the owner of the property, the rights of the tenants therein being extinguished the same as if said lease had never been executed.

But it is claimed by the plaintiff that Church released to the plaintiff his right to said premises derived under the aforesaid judgment and the execution issued thereon.

The release executed by Church to Shultes on January 12, 1885, does not appear to be intended as a release or conveyance of his interest in said farm, of which the former had become the absolute owner. It was apparently not so intended, for on the same day Church conveyed said premises to the defendant. Again, Church having absolute title, and the time for redemption having expired, could only convey to plaintiff the premises in question by an instrument under seal. Again, the paper in question does not purport to be a release by him of his right derived under the aforesaid judgment, on a redemption by the tenant. It is apparently intended to be a mere release to Shultes from liability for rents that had accrued upon the lease.

We are unable to see that the rights of the parties are at all affected by the two offers made by Church to plaintiff. The first offer, dated in October, 1883, recited the recovery of the judgment in favor of Van Rensselaer against John Sickles, and that Church, on July 27, 1883, had duly taken possession of the premises, and offered, within the time prescribed by statute for redemption, to receive from Shultes, who, the notice stated, claimed some interest in said land, $300 as his proportion of the rents, and on payment of

said sum, to release the judgment. There is no evidence whatever that Shultes accepted the proposition, or complied with the terms of the offer, or ever paid the $300. The second offer, dated November 12, 1884, as far as pertinent to the question under consideration, contains an agreement on the part of Church, that on the payment of the judgment for $1,500 obtained by Nicholas A. Sickles, against Joseph I. Shultes, which was assigned to Church on or before April 1, 1885, to release Shultes from " arrears of rents and reservations and soil on the land and premises known as the Sickles farm." The offer provided that notice should be given of acceptance by said Shultes within five days from date. It was not shown that Shultes ever gave such notice, or acted upon the offer.

We think the learned trial judge took the correct view of this case, and that the judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.