### CHURCH v. WRIGHT.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

1. ADVERSE POSSESSION OF TENANT.

A landlord recovered and entered judgment in ejectment against his tenant for possession of land for nonpayment of rent. At the time of the entry of judgment the tenant was entitled to be put back under his lease on payment of the rent in arrears and costs within six months after execution on the judgment. No execution was issued on the judgment, and the tenant, 18 years after the entry thereof, resisted a motion for execution thereon on the ground that the judgment had been paid. *Held*, that under Code Civ. Proc. § 373, providing that when the relation of landlord and tenant has existed the possession of the tenant is deemed the possession of the landlord until 20 years after the expiration of the tenancy, the tenant's possession, as a matter of law, did not, immediately on entry of the judgment, become adverse.

2. SAME—EVIDENCE.

In such a case, an order denying the motion for execution on the judgment on the ground that the rent and costs had been paid is not material to show adverse possession.

3. SAME—DENIAL OF DISCRETIONARY ORDER.
    If the denial of the motion for execution on the judgment was discre-
    tionary, it does not affect the rights of the parties to the possession of
    the land in a subsequent action.

Appeal from judgment on report of referee.

Action by Henrietta Church against Egbert S. Wright. From a
judgment for plaintiff, awarding to plaintiff certain land, defend-
ant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MER-
WIN, and PUTNAM, JJ.

W. & G. W. Youmans, for appellant.
Hun & Johnston, for respondent.

MERWIN, J.    This is an action of ejectment, and by the judg-
ment the plaintiff recovers the possession of about 31 acres, of
which the defendant has been in possession since 1858.   The main
question here is whether the referee erred in holding that the de-
fendant had not made out the defense of adverse possession.   The
action was commenced April 3, 1894.   On the 13th January, 1796,
Stephen Van Rensselaer was the owner and in possession of a farm
in the town of Berne, of which the premises in question are a part.
At that date Van Rensselaer and one Thomas Hayes mutually exe-
cuted, sealed, and delivered an indenture called a "manorial lease
in perpetuity," which provided for the payment of certain yearly
rent by Hayes, his heirs and assigns, and gave to Van Rensselaer,
his heirs and assigns, in the usual form, the right to re-enter for non-
payment of rent.   Hayes entered into possession under the lease.
On the 29th March, 1858, John Youngs, by warranty deed, conveyed
to the defendant in this action 47 acres, part of the original farm,
which included the premises here recovered.   In this deed, after the
description, there was the following clause:   "Subject only to all
demands that may be made a lien hereafter by Stephen Van Rens-
selaer or his heirs from this date."   On the 18th day of April, 1864,
Stephen Van Rensselaer, son of the original grantor, and who had
become the owner of all his rights in the property and in the cove-
nants and conditions in the deed, commenced in the supreme court
an action of ejectment against the defendant, Wright, to recover
the possession of the farm, for and by reason of a breach of the
covenant for the payment of rent, and on the 24th November, 1866,
a judgment was duly entered awarding to the plaintiff therein the
possession of that part of the farm of which Wright was in posses-
sion under said lease, and which was the same covered by the deed
from Youngs.   On the 2d May, 1864, Stephen Van Rensselaer
transferred all his interest in the property and covenants to James
Kidd and Peter Cagger, and on the 8th July, 1878, Walter S. Church
became the owner of the same, and thereafter, and before the com-
mencement of this action, the plaintiff became the owner of the
same.   It is found by the referee that no rent has been paid for
or on account of the premises here recovered since 1858; that at
the time of the commencement of the action the defendant was in

the actual occupation of the same under said lease; that the defendant entered into possession thereof under a claim of title, exclusive of any other right, founding said claim upon the deed from Youngs as being a conveyance thereof, and had been in the continual possession thereof under the same claim ever since the year 1858. As matter of law the referee found that the judgment of 1866 terminated the lease, and that after the entry thereof no rent accrued upon or under the lease, and that the evidence failed to establish an adverse possession for 20 years by the defendant as against the plaintiff.

It is very clear that the possession of the defendant was subservient to the lease, at least down to the time of the entry of the judgment in 1866. It had been recognized by him in a deed of a portion of the premises in 1858. The presumption was that he was in under the lease. Bradt v. Church, 110 N. Y. 537, 18 N. E. 357. That such was the fact is in substance conceded. It is, however, claimed by the defendant that by the judgment the lease was terminated, and that at the date of its entry an adverse possession by the defendant commenced to run, which, after the lapse of 20 years, formed for him a perfect defense. The claim of the plaintiff is that, if the lease was terminated by the judgment, the plaintiff is entitled to the benefit of the provision of section 373 of the Code of Civil Procedure, and that adverse possession would not commence to run as against the plaintiff until the expiration of 20 years thereafter, and so had not continued for 20 years before the commencement of this action. Section 373 is as follows:

"Where the relation of landlord and tenant has existed between any persons, the possession of the tenant is deemed the possession of the landlord, until the expiration of twenty years after the termination of the tenancy; or, where there has been no written lease, until the expiration of twenty years after the last payment of rent; notwithstanding that the tenant has acquired another title, or has claimed to hold adversely to his landlord. But this presumption shall not be made, after the periods prescribed in this section."

This section has received judicial consideration in several cases. Whiting v. Edmunds, 94 N. Y. 309; Bedlow v. Dock Co., 112 N. Y. 265, 19 N. E. 800; Church v. Schoonmaker, 115 N. Y. 570, 22 N. E. 575; Hasbrouck v. Burhans, 42 Hun, 376. These cases support the proposition that under the section referred to presumptively adverse possession does not commence to run until 20 years after the expiration of the tenancy. The defendant, therefore, to sustain his view, must show something more than a simple termination of the tenancy. In the Whiting Case, 94 N. Y. 314, it is said:

"The possession of the tenant in subordination to the title of the landlord continues not only during the running of the term, but is presumed to be such, and to remain unchanged, until twenty years after the end of the term, and notwithstanding any claim by the tenant or his successors of a hostile title. Code, § 86; Code Civ. Proc. § 373. This presumption may be rebutted, but to do so effectively, and initiate an adverse holding, the tenant must surrender the possession to the landlord, or do something equivalent to that, and bring home to him knowledge of the adverse claim. 1 Washb. Real Prop. (3d Ed.) 492; Jackson v. Stiles, 1 Cow. 575; Thayer v. Society of United Brethren, 20 Pa. St. 62; Towne v. Butterfield, 97 Mass. 105."

Has the defendant met the requirements of this rule? The referee, in effect, finds that he has not. The defendant argues that the act of the plaintiff or her predecessor in entering the judgment was of such a character that necessarily thereafter the possession of the defendant was adverse. It is to be observed that the action was ejectment for the nonpayment of rent. In such an action, under the law as it then stood (1 Rev. St. pt. 3, c. 8, tit. 9, §§ 32–34), the tenant, at any time before judgment, could, by the payment of the rent in arrear and the costs, stop all further proceedings in the cause. 'If at any time after the judgment, within six months after possession of the premises had been taken by the landlord under any execution issued upon the judgment, the tenant paid or tendered the rent in arrear at the time of such payment and the costs, all further proceedings in the cause ceased, and "such premises shall be restored to the lessee, who shall hold and enjoy the demised premises without any new lease thereof, according to the terms of the original demise." In case the rent in arrear and costs remained unpaid for six months after execution, then the lessee and his assigns, and all other persons deriving title under him, were barred of all relief in law or equity, and the landlord thenceforth held the premises free and discharged from the lease. Such being the character and effect of the judgment and the rights of defendant thereunder, it is apparent that the continuance by defendant in possession was not necessarily hostile to the rights of plaintiff or her predecessor, and would not of itself initiate adverse possession. It would not indicate that the defendant repudiated all right or claim of the plaintiff. The entry of the judgment did not bar the defendant, and the plaintiff therein never obtained execution on his judgment, and never obtained possession under it. The defendant, for aught that appears, never relinquished his right to redeem, and as late as 1888 it appears that on a motion for leave to issue execution the defendant claimed that the judgment, rent, and costs had been fully paid and satisfied. As the judgment was never executed, and the defendant never relinquished his right to redeem, I see no basis for the argument that as matter of law defendant's adverse possession should be deemed to commence at the date of the entry of the judgment. It is not, I think, clear that the lease was terminated by the unexecuted judgment of 1866. If it was not, the defendant here has no defense to the present action. His adverse claim, such as it was, was founded on a conveyance that recognized the lease. Besides, his status was fixed by the judgment. If that operated to terminate the lease, no good reason is apparent for relieving the defendant from the effect of section 373, Code Civ. Proc. He never surrendered the possession to the landlord, nor did anything equivalent to it.

The defendant offered to show that in November, 1888, a motion was made by the owner of the judgment of 1866 for leave to issue execution, and that this motion was, on appeal to the general term, denied. It was not suggested that the title of the plaintiff, or the existence of the lease, or the right of possession of plaintiff or her

predecessor was adjudicated upon or involved. If the question was whether the defendant had actually or presumptively paid the rent (Van Rensselaer v. Wright, 56 Hun, 39, 8 N. Y. Supp. 885), and so relieved himself from the judgment, that would not be important for defendant on the issues here. If the granting of the order was discretionary (Id., 121 N. Y. 626, 25 N. E. 3) its denial would not affect the rights here. It is not apparent that any error was committed in excluding the offered evidence. No other question needs to be specially considered. The judgment should be affirmed.

Judgment affirmed, with costs. All concur, except LANDON, J., dissenting.